19-1523-cv
*Wierzbic et al., v. Howard, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of December, two thousand twenty.

PRESENT:   BARRINGTON D. PARKER,
              DENNY CHIN,
                      *Circuit Judges*,
              TIMOTHY C. STANCEU
                      *Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RAYMOND WIERZBIC, BERNICE WIERZBIC,
BRIAN WIERZBIC, and ANGELENE WIERZBIC,
                      *Plaintiffs-Appellants*,

              -v-                                    19-1523-cv

TIMOTHY HOWARD, ERIE COUNTY SHERIFF,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY, MICHAEL HOOCK, DEPUTY ERIE
COUNTY SHERIFF, INDIVIDUALLY AND IN

---

[*]      Chief Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

HIS OFFICIAL CAPACITY,

  *Defendants-Cross-Claimants-Appellees*.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:  Paul E. Fallon, Amherst, New York.

FOR DEFENDANTS-CROSS-CLAIMANTS-APPELLEES:  Jennifer Persico *and* Eric M. Soehnlein, Lippes Mathias Wexler Friedman LLP, Buffalo, New York.

Appeal from the United States District Court for Western District of New York (Foschio, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Raymond Wierzbic ("Raymond"), Bernice Wierzbic ("Bernice"), Brian Wierzbic ("Brian"), and Angelene Wierzbic (collectively "plaintiffs") appeal from the May 9, 2019 judgment of the district court granting judgment as a matter of law to defendants-appellees Erie County Sheriff Timothy Howard and Deputy Erie County Sheriff Michael Hoock (collectively "defendants") pursuant to Federal Rule of Civil Procedure 50(b) on their false arrest claims and limiting recovery on their trespass claim to nominal damages. Plaintiffs brought the initial action against

---

**  The Clerk of the Court is directed to amend the caption to conform to the above. Numerous other parties were named below, but they are not involved in this appeal.

2

defendants and others under 42 U.S.C. § 1983 and New York law, alleging violations of the U.S. Constitution, federal civil rights laws, and New York common law after Hoock's efforts to serve a civil subpoena on Raymond at the Wierzbic residence resulted in a physical altercation and, ultimately, the arrests of Raymond, Brian, and Bernice. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

I.      *The Facts[1]*

On July 2, 2012, Hoock, at the direction of the Erie County Sheriff's Office, drove to 49 Willis Road to serve a civil subpoena on Raymond in connection with a collections action. As Hoock approached the residence, he observed one individual (Brian) walking toward him, and another individual (Raymond) working nearby on a tractor. Hoock asked Brian if Raymond was present, and Brian responded that Raymond did not live there. Brian asked Hoock to instead give him the papers, and to leave.

Hoock declined to leave. He looked up and observed Raymond, then at the tractor approximately ten yards away, waving a pair of "Channellock" pliers at head level and shouting profanities at him to leave the property. Hoock asked Raymond to put down the pliers, but he did not, at which point Hoock told both Brian and

---

[1]     We construe the facts regarding the false arrest claim in plaintiffs' favor, and the facts relevant to the trespass claim in favor of defendants. *See Figueroa v. Mazza*, 825 F.3d 89, 98 (2d Cir. 2016).

3

Raymond that they were under arrest. Hoock then pursued Raymond, and an altercation between Hoock and Raymond ensued. Ultimately, three East Aurora police department officers arrived at the scene and, with their help, Hoock was able to handcuff and arrest Raymond. The East Aurora police officers also arrested Bernice and Brian, and the three Wierzbics were brought into custody and charged criminally.

## II.    *Procedural History*

Plaintiffs commenced this action below on September 27, 2013. The complaint asserted eleven counts against defendants and others under 42 U.S.C. § 1983 and state law, including false arrest claims stemming from the arrests of Raymond and Brian. After the parties cross-moved for summary judgment, the district court (Skretny, *J.*) denied plaintiffs' motion, granted in part and denied in part defendants' motion, and deemed the complaint amended to add a claim of common law trespass. The parties subsequently consented to jurisdiction before a magistrate judge (Foschio, *M.J.*), *see* 28 U.S.C. § 636(c), and trial commenced on the remaining claims, along with the newly added trespass claim, on November 5, 2018.

Both sides moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). The district court reserved decision as to both motions, and submitted the claims to the jury. The jury was unable to reach a verdict, however, and on November 13, 2018, the district court declared a mistrial. On December 11, 2018,

4

defendants renewed their motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b).

In an Opinion and Order issued May 6, 2019, the district court granted judgment to defendants as to the false arrest claims, holding that defendants were entitled to qualified immunity as to Raymond's arrest and that the claim failed as to Brian because Hoock had not arrested Brian. As to the trespass claim, the district court concluded that Hoock committed trespass under New York law and granted judgment to Brian, Raymond, and Bernice on the claim. The district court declined, however, to award plaintiffs anything beyond nominal damages of $1 each, concluding that defendant's trespass had not resulted in any cognizable damages.

This appeal followed.

## DISCUSSION

### I. *Standard of Review*

We review the grant of judgment as a matter law pursuant to Rule 50(b) *de novo*. *See Mazza*, 825 F.3d at 98. "Judgment as a matter of law is appropriate when a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Black v. Finantra Capital, Inc.*, 418 F.3d 203, 208 (2d Cir. 2005) (internal quotation marks omitted). Where that standard is satisfied, a district court may grant judgment as a matter of law following a jury deadlock, *see Noonan v. Midland Capital Corp.*, 453 F.2d 459, 462-63 (2d Cir. 1972), or

5

following a jury verdict in favor of the nonmovant, *see Hernandez v. Keane*, 341 F.3d 137, 149 (2d Cir. 2003).

## II.     *False Arrest Claims*

Plaintiffs first contend that the district court erred in granting judgment as a matter of law on their false arrest claims because a reasonable juror could have found in their favor on the claims as to both Raymond and Brian.  We disagree.

### A.     *Raymond*

The district court granted judgment to defendants as to Raymond's false arrest claim because it concluded that defendants were entitled to qualified immunity as a matter of law.  The defense of qualified immunity "shields law enforcement officers from § 1983 claims for money damages[,] provided that their conduct does not violate clearly established constitutional rights of which a reasonable person would have been aware." *Zalaski v. City of Hartford*, 723 F.3d 382, 388 (2d Cir. 2013).  "In the context of § 1983 actions predicated on allegations of false arrest, we have held that an arresting officer is entitled to qualified immunity so long as 'arguable probable cause' was present when the arrest was made." *Mazza*, 825 F.3d at 100 (quoting *Zalaski*, 723 F.3d at 390).  Probable cause to arrest, in turn, "exists when the arresting officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id.* at 99 (internal quotation marks omitted).

Here, the crime for which defendants allege probable cause existed as to Raymond's arrest, and the crime with which Raymond was ultimately charged, was Menacing in the Third Degree, which occurs under New York law when a defendant "intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury." N.Y. Penal Law § 120.15.

When Raymond was approximately ten yards away from Hoock, Raymond waved a pair of Channellock pliers at head level and shouted profanities and told Hoock to get off of the property. Further, Raymond refused to put down the pliers despite Hoock's instructions to do so. On the undisputed facts here, Hoock had at least arguable probable cause to believe Raymond was intentionally attempting to place Hoock in fear of physical injury. *See Oliveira v. Mayer*, 23 F.3d 642, 649 (2d Cir. 1994) (qualified immunity "should be decided by the court . . . where the facts concerning the availability of the defense are undisputed") (internal quotation marks and citation omitted). Accordingly, the district court properly granted judgment to defendants on this claim.

### B. Brian

The district court also did not err in granting judgment as a matter of law to defendants on Brian's false arrest claim because the undisputed evidence showed that Hoock did not arrest Brian. Although Hoock told Brian that he was under arrest, Brian testified at trial that he did not believe Hoock had the authority to arrest him, and

7

that he instead believed he could continue to move freely, and that indeed he did so until he was restrained and handcuffed by an officer from the East Aurora Police Department. *See* Dist. Ct. Dkt. No. 132 at, 36-38, 42-44, 136-141 (Brian agreeing that even after Hoock told him he was under arrest, he "could have gone anywhere [he] wanted"); *see also Simon v. City of New York*, 893 F.3d 83, 99 (2d Cir. 2018) (individual only arrested for Fourth Amendment purposes where "a reasonable person would have believed that he was not free to leave"). Thus, the district court properly granted judgment to defendants on this claim. *See Warren v. Pataki*, 823 F.3d 125, 136 (2d Cir. 2016) ("To establish a section 1983 claim, a plaintiff must establish a given defendant's personal involvement in the claimed violation . . . .") (internal quotation marks omitted)).

## III. *Trespass Claim*

Plaintiffs' final contention is that the district court erred in limiting recovery on their trespass claim to $1 in nominal damages. Under New York law, however, "damages for trespass are limited to consequences flowing from the interference with possession and not for separable acts more properly allocated under other categories of liability." *Costlow v. Cusimano*, 311 N.Y.S.2d 92, 97 (4th Dep't 1970). Here, plaintiffs sought reimbursement for the cost of tomato plants they were unable to timely plant on July 2, 2012, as well as emotional distress damages. The district court rightly concluded that defendants were not liable for the aforementioned damages

8

because it was plaintiffs' own conduct, not Hoock's trespass, that led to plaintiffs' arrests and resulting expenses.

To the extent plaintiffs argue that they are entitled to "legal costs" on their trespass claim, Plaintiffs' Brief at 28, that argument is rejected. They have offered no justification to depart from the general American rule that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975).

\* \* \*

We have considered plaintiffs' remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court